[700 NYS2d 211]

In the Matter of ANTHONY ABBATINE, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 20, 1999

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Forrest Strauss* of counsel), for petitioner.

*Richard E. Grayson,* White Plains, for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition that contained nine charges of professional misconduct against him. In his answer, the respondent admitted the factual allegations contained in the petition, but denied that he was guilty of any professional misconduct. Before the hearing, the petitioner stipulated to the factual allegations contained in the petition. The Special Referee sustained all of the charges against the respondent except Charges Two and Five. The Grievance Committee now moves to confirm the Special Referee's report insofar as it sustained Charges One, Three, Four, Six, Seven, Eight, and Nine, and to disaffirm the report insofar as it failed to sustain Charges Two and Five. The respondent does not contest the Special Referee's findings, but argues that the matter should be referred back to the Grievance Committee for whatever action it deems appropriate. Alternatively, the respondent contends that the sanction imposed should be limited to a public censure.

Charge One alleges that the respondent converted funds entrusted to him and/or engaged in conduct that adversely reflected on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), by failing to maintain sufficient funds in his attorney trust account. The respondent continuously maintained an attorney trust account at Citibank, denominated as the "Anthony Abbatine, Atty Trust Acct.," during the period from February 7, 1990 until June 7, 1994. On or about June 7, 1990, check number 1115 in the amount of $375 was issued by the respondent and presented to Citibank for payment. At that time, the balance in the respondent's trust account was less than the amount needed to clear check number 1115.

Charge Three alleges that the respondent converted funds entrusted to him and/or engaged in conduct that adversely reflected on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a sufficient balance in his attorney trust account. On or before July 30, 1990, the respondent issued check number 1162 in the amount of $100. Check number 1162 was presented for payment on July 30, 1990. At that time, the balance in the respondent's trust account was less than the amount needed to clear check number 1162.

Charge Four alleges that the respondent converted funds entrusted to him and/or engaged in conduct that adversely

reflected on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a sufficient balance in his attorney trust account. On or about August 17, 1990, the balance in the respondent's trust account fell to a negative number and remained a negative number at all times thereafter until on or about September 17, 1990.

Charge Six alleges that the respondent commingled funds and/or engaged in conduct that adversely reflected on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (now [7]) and DR 9-102 (A) (22 NYCRR 1200.3 [a] [7]; 1200.46 [a]), by drawing fees from his trust account in the form of checks paid directly to his personal creditors. The respondent disbursed one or more checks from his trust account directly to various third parties for personal obligations.

Charge Seven alleges that the respondent converted funds entrusted to him and/or engaged in conduct that adversely reflected on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a sufficient balance in his attorney trust account. On or about September 27, 1991, the respondent issued check number 1170 in the amount of $4,147.18 that cleared his trust account on or about September 30, 1991. However, the $10,000 deposit which was the source of the funds was not made until on or about October 16, 1991.

Charge Eight alleges that the respondent converted funds entrusted to him and/or engaged in conduct that adversely reflected on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a sufficient balance in his attorney trust account. On September 24, 1991, a $12,500 deposit, the buyer's downpayment in a real estate transaction (hereinafter the Meyer closing), was made into the respondent's trust account. Between September 27, 1991 and February 10, 1992, the respondent issued a total of $21,653.22 in checks, all of which he claimed were drawn on the $10,000 deposit made on October 16, 1991. As a result, some or all of the $12,500 that was being held in the account for the Meyer closing was converted.

Charge Nine alleges that the respondent issued checks from his attorney trust account to a party other than a named payee, in violation of Code of Professional Responsibility DR 9-102 (E)

(22 NYCRR 1200.46 [e]), by issuing checks payable to cash. On January 14, 1992, check number 1185 in the amount of $500 and signed by the respondent cleared his attorney trust account. On May 28, 1992, check number 1193 in the amount of $300 and signed by the respondent cleared his attorney trust account. Both checks were payable to cash.

In view of the respondent's admissions and his testimony at the hearing, the Special Referee properly sustained Charges One, Three, Four, Six, Seven, Eight, and Nine.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider that the misconduct of which he is guilty occurred several years ago, and he has not held client funds in escrow since then. Moreover, he claims that his misconduct was the result of his inexperience. The respondent also asks the Court to consider his cooperation with the Grievance Committee's investigation, his community service activities, and the Special Referee's finding that there was no venality on his part.

The respondent has no prior disciplinary history.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of five years.

MANGANO, P. J., BRACKEN, S. MILLER, O'BRIEN and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Anthony Abbatine, Jr., is suspended from the practice of law for a period of five years, commencing January 20, 2000, and continuing until further order of this Court, with leave to apply for reinstatement no sooner than six months before the expiration of the said period of five years, upon furnishing satisfactory proof (a) that during the said period he has refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Anthony Abbatine, Jr., shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, com-

mission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.